# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**HYDRO-THERMAL CORPORATION,**

               **PLAINTIFF,**

v.                                          **CASE NO. 07-C-918**

**PRO-SONIX, LLC AND**
**BRUCE A. CINCOTTA,**

               **DEFENDANTS.**

## ORDER DENYING MOTION FOR RECONSIDERATION

Currently pending before this court is the defendants' motion for reconsideration of this court's Decision and Order, (Docket No. 79), denying the defendants' motion for summary judgment, (Docket No. 67). (Docket No. 85.) Ironically, the defendants' prior motion for summary judgment was, in many ways, merely a motion for reconsideration of this court's post-Markman hearing claim construction order, (see Docket No. 64). Thus, this present motion for reconsideration is essentially the defendants' effort to take a third bite out of the Markman apple. (See Docket No. 79 at 5.) The court finds that the defendants' present motion requires little analysis and the court's view of it can best be summed up with the slightly modified words of Dr. Seuss: "I meant what I said, and I said what I meant. [The court's] faithful [to its prior decisions] one hundred percent." Dr. Seuss, *Horton Hatches the Egg*.

There is no such thing as a motion for reconsideration under the Federal Rules of Civil Procedure. Hope v. United States, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994); Talano v. Northwestern Med. Faculty Found., Inc., 273 F.3d 757, 760 n.1 (7th Cir. 2001). But that has not stopped litigants from frequently filing such motions. See Day v. Hill, 2007 U.S. Dist. LEXIS 48626, 3 (N.D. Ind. 2007). A court's authority to grant a motion for reconsideration lies within its inherent power to

reconsider its interlocutory orders. See Fisher v. National R.R. Passenger Corp., 152 F.R.D. 145, 149 (S.D. Ind. 1993) (quoting Kapco Mfg. Co., v. C & O Enterprises Inc., 773 F.2d 151, 154 (7th Cir. 1985)). However, in the interests of finality and conservation of scarce judicial resources this inherent power shall be exercised sparingly. Brunker v. Schwan's Food Serv., 2006 U.S. Dist. LEXIS 41704, 3 (N.D. Ind. 2006) (quoting Global View Ltd. Venture Capital v. Great Central Basin Exploration, 288 F. Supp.2d 482, 483 (S.D.N.Y. 2003) (internal quotation omitted)). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (quoting Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1270 (7th Cir. 1996)). "Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless." Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995). In other words, relief pursuant to a motion for reconsideration is reserved for the most extraordinary of circumstances. See First Nat. Bank in Manitowoc v. Cincinnati Ins. Co., 321 F.Supp.2d 988, 992 (E.D. Wis. 2004).

This case involves the plaintiff's patent for a "Direct Contact Steam Injection Heater." United States Letters Patent No. 6,082,712 ("the '712 patent"). The present motion again focuses upon the meaning of the patent's axial flow limitation. Specifically, the defendants' present two grounds for reconsideration: "First, defendants believe that it was error to hold that use of the open-ended transitional term 'comprising' trumps the application of prosecution history estoppel; and second, it was error to ignore the prosecution history of the patent in determining literal infringement."

Beginning with the defendants' second argument, the court previously concluded that it was not necessary to consider the defendants' prosecution history estoppel arguments because, although there is some confusion on the issue, see Chisum on Patents § 18.05[4], it is generally understood

that prosecution history estoppel is relevant only to a claim of infringement under the doctrine of equivalents. See Loctite Corp. v. Ultraseal, Ltd., 781 F.2d 861, 870 (Fed. Cir.1985) (overruled on other grounds). (Docket No. 79 at 9.) But most importantly, this was a legal conclusion the defendants previously acknowledged. (See Docket No. 53 at 6 ("Prosecution history estoppel is a rule of claim interpretation that prevents the doctrine of equivalents from vitiating the notice function of claims." (citing Charles Greiner & Co. v. Mari-Med Mfg., Inc., 962 F.2d 1031, 1036 (Fed. Cir. 1992))).)

But even if this court deemed prosecution history appropriate to consider in the literal infringement analysis, the court would still deny the defendants' motions for summary judgment and reconsideration. The defendants have failed to demonstrate that the patentee disclaimed all other types of flow when the axial flow limitation was added. The prosecution history does not alter a plain reading of the patent; i.e. axial flow is a necessary limitation, but there is no requirement that the flow be entirely axial as soon as the liquid enters and continues through the channel between the Mach diffuser and the combining region of heater body.

As for the defendants' first argument in its motion for reconsideration, the court never held that the use of the term "comprising" "trumps the application of prosecution history estoppel." As discussed above, the court held that it was unnecessary to evaluate the prosecution history because the court concluded it was applicable only to a claim of infringement under the doctrine of equivalents. The court stated: "The court's conclusion that the flow need not be entirely axial for there to be literal infringement seems to moot the defendants' alternative arguments regarding the doctrine of equivalents." (Docket No. 79 at 9.)

The court understood the defendants' argument at summary judgment with respect to infringement under the doctrine of equivalents to be dependent upon the court accepting the proposition that the patent requires entirely axial flow. (See, e.g., Docket No. 68 at 16 ("As there

3

exists no material issue of fact that the diffuser in the Prosonix heater is primarily exposed to circumferential flow and impinging radial flow, Prosonix is entitled to summary judgment on the grounds that the Prosonix heater does not infringe claim 1 of the '712 patent under the Doctrine of Equivalents.") Having rejected this contention in the court's literal infringement analysis, further consideration was unnecessary. But again, even if this court were to consider prosecution history, the court rejects the defendants' contention that the plaintiff is estopped from arguing that a device that does not have entirely axial flow infringes upon the '712 patent under the doctrine of equivalents. On the question of infringement under the doctrine of equivalents, it shall be up to the jury to determine whether the allegedly infringing device has sufficient axial flow to infringe upon the '712 patent.

**IT IS THEREFORE ORDERED** that the defendants' motion for reconsideration, (Docket No. 85), is **denied**.

Dated at Milwaukee, Wisconsin this 8th day of April 2010.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
